# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 29, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

150488-9 & (57)(58)(59)(60)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

TROY LaVAUGHN JONES, JR.,
       Defendant-Appellant.

_____/

SC: 150488
COA: 315582
Allegan CC: 08-015991-FH

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

TROY LaVAUGHN JONES, JR.,
       Defendant-Appellant.

_____/

SC: 150489
COA: 315713
Allegan CC: 08-016032-FH

On order of the Court, the motions for immediate consideration are GRANTED. The application for leave to appeal the September 23, 2014 judgment of the Court of Appeals and the motions to remand and for appeal bond are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND these cases to the Allegan Circuit Court to determine whether the court would have imposed materially different sentences under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. The trial court shall also consider the defendant's argument concerning the imposition of costs, and determine whether costs should be imposed and the amount, if any, that should be assessed. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. The motion for bond pending appeal is DENIED.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2016



Clerk

p0321